## THE LAURA M. LUNT.

(District Court, E. D. Louisiana. March 9, 1909. On Rehearing, March 25, 1909.)

No. 14,091.

1. SEAMEN (§ 2*)—SCOPE OF STATUTORY PROVISIONS—"AMERICAN SEAMAN."
   Every sailor on an American vessel is an "American seaman," within the meaning of Act Dec. 21, 1898, c. 28, § 1, 30 Stat. 755 (U. S. Comp. St. 1901, p. 3081), and entitled to the protection thereof, regardless of his nationality.
   [Ed. Note.—For other cases, see Seamen, Dec. Dig. § 2.*]

2. SEAMEN (§ 20*)—WAGES—REDUCTION BY MASTER.
   The master of a vessel has no authority to arbitrarily reduce the wages of a seaman, signed as such, on the ground that he proved incompetent to fill the position of a mate, although there may have been a verbal agreement on the subject.
   [Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 86–91; Dec. Dig. § 20.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Admiralty. Libel for wages.

Geo. C. Bodine, for libelant.
Rouse, Grant & Rouse, for claimant.

FOSTER, District Judge. It seems to me that Act Dec. 21, 1898, c. 28, § 1, 30 Stat. 755 (U. S. Comp. St. 1901, p. 3081), is broad enough to apply to all sailors on an American vessel, and that they should be held to be American seamen, regardless of nationality.

It seems also clear that the captain arbitrarily reduced the wages of this seaman from $30 per month, as stipulated in the articles, to $25 per month, alleging that he did so by reason of the seaman's incompetency to fill the position of second mate. It appears by the articles that he was shipped as a seaman, and not as second mate, and the captain cannot give effect to an alleged verbal agreement of that sort.

Therefore there will be judgment for the full amount of wages claimed, and a penalty of $1 a day, from date the wages were due, for 100 days from the date of the libel.

### On Rehearing.

In this case I have carefully considered the able arguments of counsel for the claimant, but on a further examination of the authorities see no reason to reverse the decree. However, as it is not clear that libelant could not have taken his testimony more promptly, and as I consider the statute was intended to prevent an injustice to the seaman by arbitrarily withholding his pay, rather than to afford a fixed ratio of liquidated damages, the penalty awarded will be reduced to $50, and a rehearing refused.